**Larry Darnell GRAVES, Plaintiff,**

v.

**NARCOTICS SERVICE COUNSEL, INC., et al., Defendants.**

No. 84–1990C(1).

United States District Court, E.D. Missouri, E.D.

April 4, 1985.

---

Anthony S. Bruning, St. Louis, Mo., for plaintiff.

Theodore Y. Blumoff, Clayton, Mo., Melinda Corbin, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before this Court on the motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively for summary judgment filed by defendants Narcotics Service Counsel, Inc., Maliaka Horne, John Washington and Judy Miller. Defendants' motion for summary judgment shall be granted because plaintiff has not alleged sufficient facts to establish that his claim arose under color of law pursuant to 42 U.S.C. § 1983.

Plaintiff has filed this action against the various above-named defendants under 42 U.S.C. § 1983. He complains that said defendants failed to properly treat him for his drug addiction and prematurely released him from a drug detoxification program. He had been ordered into the program by a state judge, as a condition of probation.

Plaintiff alleges and defendants confirm via affidavits that the Narcotics Service Counsel, Inc. (Nasco) is a non-profit corporation which serves as a halfway house, alcohol and drug rehabilitation facility, and employment facilitator for inmates, former inmates, parolees and non-inmates. Nasco receives funds from the federal government, the State of Missouri and private donations. The federal government reimburses Nasco for 100% of its costs in treating federal inmates. The State of Missouri provides for 90% of the costs incurred for state inmates, and provides for 60% of the costs to serve Nasco's non-inmate clientele. Private contributions make up the difference. In addition to receiving funds from the government, Nasco is subject to a number of state regulations. It must be certified by the Department of Mental Health before it is eligible for referrals from a State. Defendants Maliaka Horne, John Washington and Judy Miller are Nasco employees.

Because defendants have submitted matters outside the pleadings, this Court shall treat the instant motion as a motion for summary judgment. *Fed.R.Civ.P.* 12(b). Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(c). *See also Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most fa-

vorable to the non-moving party. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983); *Vette Co. v. Aetna Casualty and Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Buller*, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e). *See also* 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 2d*, § 2739 (1983).

▇▇▇ In view of the facts before the Court, plaintiff has not presented sufficient information to establish that the actions of the above-named defendants were under color of law. It is clear that in § 1983 cases, the under color of law requirement is identical to the state action requirement of the fourteenth amendment. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928, 102 S.Ct. 2744, 2749, 73 L.Ed.2d 482 (1982); *United States v. Price*, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1156 n. 7, 16 L.Ed.2d 267 (1966). Thus, this Court may consider the "state action" cases in resolving the question at hand.

The question of whether Nasco and its employees acted under color of law appears to be clearly controlled by two recent cases, *Rendell-Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) and *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). In *Rendell-Baker*, the Supreme Court held that a non-profit private school with specialized programs for students with drug, alcohol, behavioral or other special problems was not sufficiently connected to the state to subject it to suit under § 1983. The school in *Rendell-Baker* received most of its students by referral from local school districts or the state Department of Mental Health. In addition, public funds accounted for at least 90% of the school's budget, and the school was subject to detailed regulations on behalf of the state and the local school districts. The Court found that these factors were insufficient to establish a public function or symbiotic relationship between the school and the state. *Id.*, 457 U.S., at 842, 102 S.Ct. at 2772. *See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

In *Blum v. Yaretsky*, 457 U.S. at 991, 102 S.Ct. at 2777, the Court considered the state action requirement for nursing homes which were extensively regulated by the state and which received more than 90% of their budgets from public sources. In *Blum*, the plaintiffs challenged the decisions of nursing home administrators to transfer patients from intensive treatment centers to less expensive facilities. The Court held that although state and federal regulations encouraged the nursing homes to transfer patients to less expensive facilities, the plaintiffs failed to show a sufficiently close nexus between the state and the challenged action so as to attribute defendants' actions to the state itself. *Id.* at 1004, 102 S.Ct. at 2785.

The facts at hand are sufficiently similar to those of *Rendell-Baker* and *Blum* to compel the same result. Nasco is much like the nursing homes or the private school of these cases. Therefore, Nasco, along with its employees, Maliaka Horne, Judy Miller and John Washington are dismissed from the action because there are insufficient facts to establish that these defendants acted under color of law. The claim against Stephanie Brown shall remain, however.

### ORDER

Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that the motion to quash service on Attorney General of Missouri be and is granted and service of process upon the Attorney General of Missouri be and is quashed.

IT IS FURTHER ORDERED that this order shall not affect service upon defendant Stephanie Brown.

IT IS FURTHER ORDERED that the motion for summary judgment of defendants Narcotics Service Counsel, Inc., Maliaka Horne, John Washington and Judy Miller, be and is granted and the complaint against these defendants be and is dismissed.